# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICHARD EDWARD BECKER, #132484**  PETITIONER

**VERSUS**  NO. 1:11cv6-HSO-JMR

**RON KING,**
**SUPERINTENDENT OF SMCI**  RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before this Court on the petition for Writ of Habeas Corpus [1] filed by Petitioner, Richard Edward Becker [Becker] pursuant to § 2254. Having considered the entire record and the applicable law, this Court makes the following recommendation regarding the petition.

## STATEMENT OF THE CASE

Becker entered a guilty plea to two counts of touching a child for lustful purposes in the Circuit Court of Harrison County, Mississippi, on August 2, 2007, and was sentenced to serve concurrent terms of twelve years imprisonment on each count, with four years suspended making a total of eight years to serve in the custody of the Mississippi Department of Corrections. [10-1, pp. 62-64;10-2, pp. 2-11, 14-19.] Becker filed an assortment of post-conviction motions, including a motion for reconsideration of sentence, filed September 25, 2007, which was denied on October 16, 2007. [10-1, pp. 73-78.] He filed a motion to reconsider his sentence on January 22, 2008, which was denied on January 31, 2008. [10-1, pp. 79-85, 91-92.] On June 10, 2008, Becker filed for post-conviction collateral relief [PCR] in the Circuit Court of Harrison County, Mississippi. [10-1, pp. 10-14.] The motion was denied on February 17, 2009. [10-1, pp. 34-37.] Becker appealed this ruling on March 4, 2009. [10-1, p. 39.] The motion for PCR was denied by

the Mississippi Court of Appeals on May 25, 2010. *Becker v. State*, 49 So.3d 1157 (Miss. 2010), *reh'g denied* Sept. 21, 2010, *cert. denied* Jan. 6, 2011.

Becker raises the following grounds in his Petition:

Ground One: Ineffective assistance of counsel. Kay Wilkerson and Eric Geiss were ineffective because Becker was brought before the court in a "suicide garment" and because he entered a guilty plea without having the court consider whether he was competent to enter a plea.

Ground Two: Trial court failed to conduct a competency hearing. Becker contends that when he was brought before the court in a "suicide garment" the court should have perceived that he was not competent to enter a plea.

Ground Three: Becker contends that he was incompetent at all stages of his criminal prosecution, even when he entered his plea.

[9, pp. 5-6.]

Becker outlines his grounds for *habeas* relief with the following assertions: (1) he contends that Eric Geiss [Geiss] provided ineffective assistance of counsel because Becker appeared in court in a "suicide garment" and contends that Kay Wilkerson [Wilkerson] allowed the court to accept his guilty plea without considering whether he was competent to enter the plea. He claims that the trial court should have conducted a competency hearing in ground two of his petition. [1, p. 7.] According to Becker in ground three of his petition, he was incompetent at all stages of his criminal prosecution, even when he entered his plea. [1, p. 8.] All three grounds were presented to the Mississippi Court of Appeals and denied. [9, p. 6.]

The Respondent contends that Grounds One, Two and Three of the petition are procedurally barred from review. [9, p. 6.] The Respondent contends that because the state court denied review of these grounds as procedurally barred, review of these claims in a federal *habeas* petition is barred. [9, p. 7.] Specifically, Becker filed a pleading titled "Motion for Post-Conviction Collateral Relief" on June 3, 2008, in which he argued that Wilkerson rendered

ineffective assistance of counsel when she allowed Becker to appear in front of a judge wearing a "suicide garment", Geiss rendered ineffective assistance of counsel for failing to investigate Becker's mental state and the trial court erred for failing to conduct a competency hearing *sua sponte*. [10-1, p. 11 SEALED.] The trial court thoroughly considered Becker's assertions regarding competency and the adequacy of his attorneys' representation and denied the petition for PCR. [10-1, p. 37 SEALED.]

Becker then appealed that decision to the Supreme Court of Mississippi on February 17, 2009. [10-1, p. 39 SEALED.] The same issues were presented to the Supreme Court. [10-3, pp. 10-18 SEALED.] The Mississippi Court of Appeals affirmed the lower court's decision denying the motion for PCR on May 25, 2010. [10-3, p. 41 SEALED.] In addition, the motion for rehearing was denied on September 21, 2010, and the petition for *writ of certiorari* was denied January 6, 2011. *Becker v. State*, 49 So.3d 1157 (Miss. Ct. App. 2010). The court determined that the motion was a successive writ and barred under Mississippi Code Annotated § 99-39-23(6). *Becker*, 47 So.3d at 1159.

Becker was indicted on a three count indictment on December 4, 2006. [10-1, pp. 52-53, SEALED.] A *capias* was issued for him on the same day. [10-1, p. 54, SEALED.] Becker filed a waiver of arraignment and entry of a plea of not guilty on February 15, 2007. [10-1, p. 58, SEALED.] Becker was arrested on February 22, 2007. [10-1, p. 59, SEALED.] A petition to enter a guilty plea was filed on Becker's behalf on August 2, 2007. [10-1, pp. 62-65, SEALED.] Becker filed a motion for reconsideration of sentence on September 25, 2007, and did not mention in that pleading anything about a mental condition. [10-1, pp. 73-77, SEALED.]

Becker filed a motion to amend his motion for reconsideration on January 22, 2008, in which he claims he was mentally impaired at the time of his guilty plea. [10-1, pp. 79-82,

SEALED.]

According to the Respondent, Becker's claim that he was incompetent to enter a plea is without merit. [9, p. 9.] The court record establishes that Becker did have a rational understanding of the charges against him, because the petition to enter a guilty plea clearly set forth the charges and potential sentences, and the rights that Becker was forfeiting in exchange for his plea, according to the Respondent. [9, p. 11; 10-2 , pp. 8-13, SEALED.] Becker clearly established that he understood the seriousness of the proceedings and the minimum and maximum sentences, that he communicated with his attorney regarding the charges against him, he was waiving certain rights and understood the charges against him for which he was entering a plea and did in fact plead guilty when questioned by the court. [9, p. 12; 10-2, pp. 2-8, SEALED.] Becker was advised by the trial judge of the nature and consequences of his plea, and Becker stated on the record that he was entering a guilty plea because he was, in fact, guilty. [9, pp. 14-15.]

Becker did not meet his burden to establish that he was entitled to a competency hearing in state court, according to the Respondent. [9, p. 16.] Although Becker claims that the trial court should have known that he was suicidal, Becker does not allege a history of psychiatric treatment or irrational behavior. (*Id*.) Becker stated that his mental and physical health were satisfactory, and his trial attorney certified that he spoke to Becker and found Becker mentally and physically competent. [SCR Vol. 1, p. 61 and Vol. 2, p. 59.]

The record shows that although Becker was prescribed medication for slight depression and sleeplessness, he stated that he understood the charges and nature of the proceedings. [10-2, pp. 4-6, SEALED.] Becker completed two years of college and was responsive to the trial judge's questioning at the time of his plea. [9, p. 17, 10-2, p. 5, SEALED.]

Becker contends that his initial trial attorney was ineffective for allowing him to appear at the preliminary hearing in a "suicide garment." [9, p. 18.] Becker also contends that the attorney representing him at his plea was ineffective for failing to raise the issue of his competency to enter a plea. (*Id*.) The Respondent asserts that Becker was not required to stand before a jury in the suicide garment, so his attorney had no reason to object to the type of clothing Becker wore. [9, p. 21.] There is no evidence of ineffective assistance of counsel where the attorney failed to make a "meritless" objection, according to the Respondent. (*Id*.) Further, Becker cannot show that he was prejudiced by his attire, even if he was able to show that his counsel was ineffective, according to the Respondent. (*Id*.) Becker's plea was entered before a judge, which precludes a claim of prejudice because a jury saw him in suicide garments. [9, p. 22.] Becker cannot show that but for his attorney's actions, the outcome of the proceeding would have been different, thus his claim of ineffective assistance of counsel fails, according to the Respondent. (*Id*.)

## ANALYSIS

According to the Respondent, Grounds One, Two and Three of the petition are procedurally barred from review. [9, p. 6.] The Mississippi Court of Appeals reviewed Becker's claim and found that the post conviction motion was barred as a successive writ. *Becker v. State*, 49 So.3d 1157 (Miss. 2010), *reh'g denied* Sept. 21, 2010 and *cert. denied* January 6, 2011. "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's *habeas* petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir. 1997), *cert. denied,* 522 U.S. 1134 (1998). The Court concludes that Becker's claims are procedurally barred from

consideration by this Court. Becker has not advanced evidence cause and prejudice in this case, he merely argues that two of his attorneys provided ineffective assistance of counsel for not advocating his mental incompetence. Oddly, he does not, however, list the attorney appointed between Wilkerson and Geiss as ineffective for not seeking a competency hearing on Becker's behalf.

Even if Becker's claims were not procedurally barred, he cannot succeed on the merits of his claims. Under the Antiterrorism and Effective Death Penalty Act [AEDPA], a petitioner is entitled to relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established Federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearing established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court case is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407.

I. <u>Competency to Enter Guilty Plea</u>

The competency standard for a defendant to enter a guilty plea is the same as the standard required to determine the competency of the defendant to stand trial. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). The Supreme Court has developed the following two-prong test to adequately protect this important right: a defendant is competent to stand trial in federal cases if (1) the defendant has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) the defendant "has a rational as well as factual understanding

of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960)). In a federal *habeas* proceeding stemming from a state court conviction, the burden is on the petitioner to prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea. *Thompson v. Blackburn,* 776 F.2d 118 (5th Cir. 1985) (burden "extremely heavy").

Grounds two and three involve Petitioner's competency. First, Petitioner claims the trial court erred in failing to ensure his competency to stand trial. A state court must conduct an inquiry into the defendant's mental capacity *sua sponte* if the evidence raises a *bona fide* doubt as to competency. To determine whether there is a *bona fide* doubt, the court may consider (1) any history of irrational behavior, (2) defendant's demeanor at trial, and (3) any prior medical opinion on competency. *Mata v. Johnson,* 210 F.3d 324, 329 (5th Cir. 2000); *see Carter v. Johnson,* 131 F.3d 452, 459 n.10 (5th Cir. 1997); *Davis v. Alabama,* 545 F.2d 460, 464 (5th Cir. 1977), *cert. denied* 431 U.S. 957. If the trial court receives evidence which, viewed objectively, should have raised a reasonable doubt as to competency, yet fails to make further inquiry, the defendant has been denied a fair trial. *Id.*

Becker did not present a history of irrational behavior or any prior medical opinion on his competency. The record evidence of the trial court's interaction with Becker included questioning regarding any treatment by a physician for a mental condition, to which Becker responded "No sir, just with the - - excuse me, the psychiatrist had prescribed for slight depression and sleeplessness. That's all sir." [10-2, p. 4.] Becker stated he had not yet begun taking the medication, and the court questioned him concerning his ability to understand the proceedings to which he responded that he understood the seriousness of the proceedings and what was transpiring. [10-2, p. 5.] Becker stated that he consulted with his attorneys prior to entering the petition to enter a plea of guilty and he stated that he understood the petition and discussed the

7

matter completely with his attorneys. [10-2, pp. 5-6.] He stated he was satisfied with the representation he received from the attorneys up to the plea proceedings, and was not threatened, forced or coerced into entering the guilty plea. [10-2, p. 7.]

There is no evidence before the Court that Becker was incompetent to enter a guilty plea. Becker indicates in his brief submitted to the Mississippi Supreme Court following the denial of his motion for PCR relief that he believed Wilkerson rendered ineffective assistance of counsel when Becker was allowed to appear before a judge on August 16, 2006, in a suicide garment without requesting a competency hearing after he "attempted suicide in jail." [10-3, p. 6.] Becker contended that Geiss did nothing to research Becker's mental illness, and "coerced" him into pleading guilty. [10-3, p.13.] Becker's suicide attempt alone did not create a reasonable doubt about his competency to stand trial. *Drope v. Missouri,* 420 U.S. 162, 180 (1975); *see Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Card v. Singletary,* 981 F.2d 481, 487-8 (11th Cir. 1992) (quoting *United States ex rel. Foster v. DeRobertis,* 741 F.2d 1007, 1012 (7th Cir.), *cert. denied,* 469 U.S. 1193(1985)). Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial. *McCune v. Estelle,* 534 F.2d 611, 612 (5th Cir. 1976). The fact that a defendant has been treated with anti-psychotic drugs does not *per se* render him incompetent to stand trial. *Fallada v. Dugger,* 819 F.2d 1564, 1569 (11th Cir. 1987).

II.    Ineffective Assistance of Counsel

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "To

establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Becker must establish that he was prejudiced as a result of his attorneys' performance. *Strickland,* 466 U.S. at 687–8. For the deficiency prong, counsel's performance is to be accorded " 'a heavy measure of deference.' " *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

Becker contends that Wilkerson was ineffective for allowing Becker to appear before the judge in a suicide garment without requesting a competency hearing. [1, p. 5.] Becker claims Geiss was ineffective for failing to investigate Becker's mental illness, and further claims that the trial court was in error for not holding a competency hearing *sua sponte*. [1, pp. 6-7.]

Becker raised the same arguments regarding counsels' performance in his motion for PCR. [10-1, p. 11, SEALED.] That motion was denied by the state court. [10-1, pp. 35-37, SEALED.] The post-conviction court rejected Becker's allegations of ineffective assistance, finding that Becker was not incompetent at the time he entered his guilty plea and that the plea was knowing and voluntary. [10-1, pp. 34-37, SEALED.] Becker offers no evidence that if Wilkerson or Geiss had performed differently, the outcome of his proceeding would have been different. [1.] Therefore, the Court concludes that Becker's ineffective assistance of counsel claims fail because neither attorney's performance fell below an objectively reasonable standard.

The Court finds that any assertions by petitioner that his trial counsels' performance were inadequate are without merit. Becker has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel. The Court finds no merit to any of Becker's claims and

9

recommends that Becker's *habeas* petition be dismissed with prejudice.

## **CONCLUSION**

In summary, the Court concludes that Becker's claims are procedurally barred from consideration by this Court. In the alternative, the Court finds that the petitioner has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts and further finds that any assertions by petitioner that his trial counsels' performance were inadequate are without merit. Therefore, the Court recommends that Becker's Petition for Writ of *Habeas Corpus* [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 22, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 8th day of July, 2013.

                                                   *s/ John M. Roper, Sr.*
                                        CHIEF UNITED STATES MAGISTRATE JUDGE